*ERWIN* vs. *PORTER.*

Oral evidence cannot be given of the contents of a paper in the hands of an adversary, without notice to him to produce it on the trial.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. The defendant in the present case caused an execution to be levied on a quantity of cotton in the possession of one A. Wright, against whom he had obtained a judgment.— The plaintiff claimed the property seized, and obtained an injunction to prevent its sale, which was, on hearing the cause, made perpetual by a final judgment; and from that the defendant appealed.

The cotton is claimed by the appellee in consequence of having been raised on his plantation by the culture of his slaves. The title set up to the plantation and slaves, is evidenced by a sheriffs' deed, which was made in pursuance of a sale under execution of the property, as belonging to the said Wright. The validity of the title is not impugned by the evidence; but the defendant attempted to prove on the trial of the cause in the court below, that the plaintiff has re-sold the land and slaves to Wright by an act under private signature; and for that purpose, two witnesses were examined, under an agreement which subjected their tes-

timony to all legal objections. These witnes- Ea·te n Ih·t: June 8··7.
ses prove the existence of a contract, in wri-
ting, between Erwin and Wright, by which
the former sells to the latter the property above
mentioned.

ERWIN *vs* PORTER.

Their testimony was, however, finally rejec-
ted by the district court in rendering the judg-
ment which perpetuated the injunction. We
think this proceeding was correct. The evi-
dence offered is inferior to the instrument of
writing, the contents of which, the witnesses
were introduced to prove. It is true, that it
was not in the possession or power of the de-
fendant; but it is shewn by the testimony of
Dutton, one of the witnesses, that the
sale, of which he saw a copy in the pos-
session of Wright, purported to have been
made in duplicates, one of which, it is pre-
sumed, was in the power of the plaintiff, which
he ought to have been notified to produce be-
fore oral evidence of its contents could have
been legally permitted. Wright, in whose pos-
session the other duplicate deed was seen, is
competent to testify in the present cause, and
might have been subpœned with an order to
produce the document.

The evidence on the part of the plaintiff

ERWIN
*vs*
PORTER.

proves the land on which the cotton grew, to be his property, and also the slaves which cultivated it. From this demonstration, it follows as a corollary, that the cotton is his.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Morse* for the plaintiff, *Preston* for the defendant.